**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**PAULA J. HONAKER,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0482** (BOR Appeal No. 2056280)
(Claim No. 2000056976)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**ABB PROCESS ANALYTICS, INC.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Paula J. Honaker, by Counsel Patrick K. Maroney, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). The West Virginia Office of Insurance Commissioner, by Counsel Melissa M. Stickler, filed a timely response.[1]

The issue on appeal is medical benefits. The claims administrator denied a request for a spinal cord stimulator replacement battery on December 11, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its January 6, 2021, Order. The Order was affirmed by the Board of Review on May 21, 2021.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]ABB Process Analytics, Inc., did not file a response.

1

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under West Virginia Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

> (d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Ms. Honaker injured her right foot and ankle while installing a gasket at work on April 13, 2000. On June 2, 2000, the claim was held compensable for ankle sprain and ankle/foot pain. The claims administrator authorized implantation of a spinal cord stimulator on December 17, 2001. On July 15, 2002, the claims administrator recognized Timothy Deer, M.D., as Ms. Honaker's authorized treating physician. The claims administrator added reflex sympathetic dystrophy and algoneurodystrophy to the claim on October 7, 2002.[2] On July 5, 2007, the claims administrator authorized a replacement spinal cord stimulator. A TENS unit and supplies were authorized on January 19, 2005.

In a July 26, 2006, treatment note, Dr. Deer stated that he was treating Ms. Honaker for reflex sympathetic disorder. Ms. Honaker reported right leg, right foot, and lower back pain. Dr. Deer noted lumbar spasms, tenderness, and range of motion loss on examination. Dr. Deer reprogrammed Ms. Honaker's spinal cord stimulator and recommended trigger point injections.

The claims administrator withheld authorization of Duragesic patches, lumbar facet injections, and a replacement spinal cord stimulator on April 16, 2017, pending review. On April 16, 2018, the claims administrator authorized spinal cord stimulator adjustments from March 19, 2018, through March 19, 2019. On December 3, 2018, the claims administrator authorized spinal cord stimulator adjustments from March 20, 2019, through March 20, 2020. The claims administrator authorized facet lumbar injections at L4-5 and L5-S1 on December 18, 2018. On

---

[2]Both conditions are also known as complex regional pain syndrome.

December 11, 2019, the claims administrator denied a request for a spinal cord stimulator replacement battery/generator.

Ms. Honaker testified in a September 30, 2020, deposition that her spinal cord stimulator provides pain relief and increases her quality of life. Ms. Honaker stated that she had previously been granted authorization for the spinal cord stimulator, a replacement spinal cord stimulator, and spinal cord stimulator adjustments. Ms. Honaker testified that she had not seen Dr. Deer since late 2019 due to the COVID-19 pandemic. Ms. Honaker said that she called Dr. Deer's office and reported that her spinal cord stimulator battery was malfunctioning. She stated that it was losing power and not staying charged as long as it should.

In its January 6, 2021, Order, the Office of Judges affirmed the claims administrator's denial of a request for a spinal cord stimulator replacement battery/generator. The Office of Judges found that the claim is compensable for complex regional pain syndrome of the left lower extremity and that Ms. Honaker had been granted a spinal cord stimulator, a replacement spinal cord stimulator, and spinal cord stimulator adjustments. The Office of Judges noted that Ms. Honaker's testimony that her spinal cord stimulator battery is not working properly, specifically, that it loses its charge quickly. Ms. Honaker also testified that the spinal cord stimulator reliably relieves her pain caused by the compensable injury.

The Office of Judges stated that authorization of replacement of a malfunctioning battery for an authorized spinal cord stimulator would normally be granted. However, Ms. Honaker failed to present any medical evidence establishing the necessity of a replacement battery. She did not submit an authorization request by her treating physician, Dr. Deer, or a treatment note indicating the need for a replacement battery. The Office of Judges concluded that Ms. Honaker's testimony alone is not enough to establish medical necessity. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 21, 2021.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. West Virginia Code § 23-4-3(a)(1) provides that the claims administrator must provide medically related and reasonably required sums for healthcare services, rehabilitation services, durable medical and other goods, and other supplies. Without the opinion of a medical doctor stating that a replacement spinal cord stimulator battery is necessary, Ms. Honaker's request cannot be granted.

Affirmed.

**ISSUED: January 19, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

**NOT PARTICIPATING:**

Justice John A. Hutchison